FILED
2026 Nov-16 AM 08:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **MINAHAL AKRAM,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **7:26-cv-1802-EGL-HNJ** |
| | ) | |
| **JORDAN POWELL et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

Minahal Akram is a native and citizen of Pakistan. Doc. 1 ¶1. In December 2023, she was paroled into the United States by Custom and Border Protection officers. Doc. 4-1 at 4. Her parole expired in December 2024. *Id.* On October 2, 2026, she was arrested by the Hoover Police Department on suspicion of shoplifting, Doc. 4-3 at 2, and turned over to Immigration and Customs Enforcement ("ICE"), Doc. 1 ¶29. She has not received a bond hearing. *Id.* ¶30. She thus has filed the pending petition for a writ of habeas corpus.

Akram argues that, by refusing to provide her with a bond hearing, Respondents are violating the Immigration and Nationality Act and her right to substantive due process under the Fifth Amendment. *Id.* ¶¶32–59. The crux of both arguments is that her detention is governed by 8 U.S.C. § 1226(a) rather than 8

U.S.C. § 1225(b). *Id.* ¶¶33, 50. She also raises a procedural due process argument. *See infra* at 3–4.

Respondents argue that Akram is not entitled to a bond hearing because, as an immigrant whose parole has expired, she qualifies as an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Doc. 4 at 5. Alternatively, Respondents argue that even if § 1226(a) governs her detention, she is subject to mandatory detention under the Laken Riley Act (the "LRA"). *Id.* at 9–10. For reasons explained below, the Court agrees that Akram is subject to mandatory detention under the LRA. Consequently, there is no need to address whether she qualifies as an applicant for admission.

## ANALYSIS

Section 1226 lists several categories of aliens that are not eligible for bond. *Hernandez Alvarez v. Warden, Federal Det. Ctr. Miami*, 175 F.4th 1258, 1263 (11th Cir. 2026) (citing § 1226(c)). The LRA expanded the list to include any alien who (1) is inadmissible and (2) is charged with, is arrested for, is convicted of, or admits to committing certain crimes, including theft. *Id.* at 1278 (citing § 1226(c)(1)(E)).

An alien is inadmissible if she is "present in the United States without being admitted or paroled." 8 U.S.C. § 1182(a)(6)(A). The parties agree that, in December 2023, Akram was paroled into the country. Doc. 1 ¶27; Doc. 4 at 2, 4. But her parole expired in December 2024, Doc. 4-1 at 4, and after "the purpose of the parole has

been served," a paroled alien's case "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1182(d)(5)(A)); *see also Matter of Arambula-Bravo*, 28 I. & N. Dec. 388 (BIA 2021) (affirming an immigration judge's decision that termination of parole rendered an immigrant inadmissible under § 1182(a)(6)(A)); *Martinez v. U.S. Atty. Gen.*, 577 F. App'x 969, 973 (11th Cir. 2014) ("When parole is terminated, the paroled alien is restored to the status that he or she had at the time of parole and becomes subject to removal proceedings."); 8 CFR § 1001.1(q) ("An arriving alien remains an arriving alien even if paroled … and even after any such parole is terminated or revoked.").

Thus, because Akram's parole expired, Doc. 4-1 at 4, she is an inadmissible alien under § 1182(a)(6)(A), satisfying the LRA's first requirement. She also satisfies the LRA's second requirement because she was arrested on suspicion of theft. Doc. 4-3 at 4. Consequently, she is subject to mandatory detention under the LRA and is ineligible for bond.

Akram argues that mandatory detention under the LRA "based on unresolved criminal allegations" violates her right to procedural due process. Doc. 1 ¶¶54–55. But an alien who has never been lawfully admitted "has only those rights regarding admission that Congress has provided by statute," and the Due Process Clause requires nothing further. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103,

138–40 (2020). Indeed, aliens who enter the country illegally, "even those paroled elsewhere in the country for years pending removal," are treated for due-process purposes "as if stopped at the border." *Id.* at 139.

Because Akram was never lawfully admitted to the United States, *see* Doc. 1 ¶¶27–29, her rights are limited to those created by statute, *Thuraissigiam*, 591 U.S. at 138–40. And the LRA withholds bond hearings from aliens arrested on suspicion of theft. 8 U.S.C. § 1226(c)(1)(E). Thus, she has no right to one, and her petition is **DENIED**. Judgment will be entered by a separate order.

**DONE** and **ORDERED** this 13th day of November, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE